IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY J. BUTLER, #105 718, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-415-ECM-SRW |
| | ) | [WO] |
| WARDEN HEADLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se,* filed this 42 U.S.C. § 1983 action on June 16, 2020. On September 18, 2020, the court entered an order of procedure. Doc. 7. The order directed Defendants to file an answer and written report to the complaint. In compliance with the court's order, Defendants submitted an answer and written report with a supplement and relevant evidentiary materials responding to the allegations in the Complaint. Docs. 23, 24, 26. Upon review of the report, the Court issued an order directing Plaintiff to file a response to Defendants' report. Doc. 27. The order advised Plaintiff his failure to respond to the report would be treated by the Court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Doc. 27 at 1. The order specifically cautioned Plaintiff that his failure "to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. Id.

The time allotted Plaintiff for filing a response in compliance with the court's February 23, 2021, order expired on March 16, 2021. As of the present date, Plaintiff has

filed no response in opposition to Defendants' report.  The court, therefore, concludes this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After such review, the court finds that dismissal of this case is the proper course of action. The administration of this case cannot properly proceed in Plaintiff's absence. Also, it appears that Plaintiff is no longer interested in the prosecution of this case, as he has failed to comply with the orders of the court. Finally, under the circumstances of this case, the court finds that any additional effort to secure Plaintiff's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the undersigned concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (observing that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the Court and prosecute this action.

The parties may file an objection to the Recommendation **on or before April 29, 2021**. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 14th day of April, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge